IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINH VAN NGUYEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1413-E-BN |
| | § | |
| WARDEN, PRAIRIELAND | § | |
| DETENTION CENTER, ET AL., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Through counsel, Petitioner Tinh Van Nguyen, a Vietnamese national, filed this action ostensibly under 28 U.S.C. § 2241 to stay an order to remove him from the United States on May 5, 2026 because his habeas action is still pending in the Western District of Oklahoma. *See* Dkt. No. 2.

Nguyen explains that he has been detained by Immigration and Customs Enforcement ("ICE")

> for between six and twelve months without a bond hearing, was unlawfully transferred from the jurisdiction of the Western District of Oklahoma to Prairieland Detention Center in Alvarado, Texas, without prior notice to this Court, to the Western District of Oklahoma, or to counsel, while his habeas corpus petition was actively pending before that court. His removal to Vietnam is scheduled for May 5, 2026 – leaving fewer than five days to avert irreparable harm.
>
> The government's conduct – covertly transferring a detainee mid-litigation to defeat federal court jurisdiction – is precisely the constitutional violation that *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), and its progeny were designed to address. If Mr. Nguyen is removed before his habeas claims are adjudicated, the constitutional questions presented, including the government's failure to provide any bond hearing during his prolonged detention – will be irreversibly mooted, and this Court will be rendered powerless to provide any remedy.
>
> A temporary stay of removal is warranted and necessary to

preserve the Court's jurisdiction, protect Mr. Nguyen's constitutional rights, and ensure that the government cannot benefit from its own procedurally improper conduct.

*Id.* at 1-2 (cleaned up).

Based on his claim that he "has been detained for more than 6 months without a constitutionally adequate bond hearing," and, so, his "detention is unlawful and in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution," Nguyen then filed a separate Section 2241 habeas petition and emergency motion for injunctive relief seeking from this Court

(1) an order directing that a writ of habeas corpus issue forthwith; (2) Petitioner's immediate release from immigration detention, subject to reasonable conditions of supervision; (3) in the alternative, transfer of Petitioner back to the Diamondback Correctional Facility within the jurisdiction of the Western District of Oklahoma so that the pending habeas petition may proceed; (4) an order enjoining Respondents from transferring Petitioner to any other detention facility without seven (7) days' advance written notice to counsel and prior authorization of this Court; and (5) such further relief as this Court deems just and proper.

Dkt. No. 3 at 1-2.

First, the Court is not persuaded that "[t]he Government's mid-litigation transfer rendered the Western District's jurisdiction over Petitioner's person unenforceable." Dkt. No. 3 at 3.

Nguyen's transfer to this federal judicial district after the filing of his habeas action does not deprive the Western District of Oklahoma of jurisdiction, as "[j]urisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed

his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citing *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978))).

Unsurprisingly, this is also the law in the Tenth Circuit. *See, e.g.*, *Ortega Garcia v. Ice*, No. CIV-25-632-SLP, 2025 WL 3041886, at *2 (W.D. Okla. Sept. 30, 2025) ("After filing his Petition while at the Cimarron Correctional Facility in this district, Petitioner was transferred to the Eden Detention Center in Texas. Petitioner's immediate physical custodian is no longer within this Court's jurisdiction. This Court, though, 'acquired jurisdiction' when Petitioner 'filed his habeas petition' while detained within this district, and his 'transfer does not defeat that initial jurisdiction.'" (quoting *Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015); citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); citation omitted)), *rec. adopted sub nom. Garcia v. Ice*, No. CIV-25-632-SLP, 2025 WL 3039614 (W.D. Okla. Oct. 30, 2025); *see also Brown v. Johnston*, No. 21-3010-JWL, 2021 WL 638019, at *3 (D. Kan. Feb. 18, 2021) ("Although Petitioner has not met his burden to make a heightened showing that entry of a

preliminary injunction is warranted, the Court is sympathetic to Petitioner's concerns that his transfer may interfere with his pursuit of this habeas action. The Court notes that Petitioner's transfer will not destroy this Court's jurisdiction regarding his habeas petition. 'It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'" (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))).

So the court in the Western District of Oklahoma has jurisdiction to address Nguyen's request for a stay. Indeed, Nguyen appears to have filed such a request there. *See Nguyen v. Warden of Diamondback Detention Facility*, No. 5:26-cv-00728-JD, Dkt. No. 7 (W.D. Okla.) (emergency motion to stay filed in the pending habeas proceeding on Apr. 30, 2026).

But this Court does not.

That is, because the habeas proceeding remains pending in Western District of Oklahoma, Nguyen's underlying Section 2241 claims are not before the Court.

So, effectively, Nguyen's request for this Court to stay the execution of a removal order is a freestanding claim that the Court lacks jurisdiction to consider. *See, e.g.*, *Rodriguez-Olivas v. United States*, Civ. A. No. 11-1000, 2011 WL 2636256, at *1 (D.D.C. June 29, 2011) ("Plaintiff has been convicted of traffic and drug violations in Texas, and currently he is in custody pending deportation to Mexico. He seeks an order to stay or cancel his deportation, a matter over which a federal district court lacks subject matter jurisdiction. *See Dennis v. Dep't of Homeland Sec.*, No. 09-

- 4 -

cv-4513, 2009 WL 3426873 (E.D.N.Y. Oct. 23, 2009) ('The REAL ID Act of 2005, 8 U.S.C. § 1252, strips district courts of jurisdiction to review a final order of deportation ... [and] to stay an order of deportation or removal."); *Croitoru v. Holder*, No. 09-cv-2252, 2009 WL 4249288 (D.D.C. Nov. 27, 2009) ("Where, as here, plaintiff's claims appear to arise from the Attorney General's decision ... to execute a removal order, the claims are thus subject to the unambiguous jurisdiction-stripping language of 8 U.S.C. § 1252(g).") (internal quotation marks and citation omitted), *aff'd*, 398 Fed. App'x 608 (D.C. Cir. 2010); *see also Sadhvani v. Chertoff*, 460 F. Supp. 2d 114, 122 (D.D.C. 2006) (dismissing petitions for a writ of habeas corpus and a writ of mandamus and motion for preliminary injunction to stay petitioner's deportation to Togo), *aff'd*, No. 06–5405, 2008 WL 2185344 (D.C. Cir. May 13, 2008) (per curiam)."); *Merritt v. U.S. Immigration & Customs Enforcement*, 737 F. App'x 66, 68 (3d Cir. 2018) (per curiam) ("[T]o the extent Merritt argued that ICE violated the automatic stay, that claim 'aris[es] from the decision or action by the Attorney General to ... execute removal orders.' 8 U.S.C. § 1252(g). Section 1252(g) explicitly provides that 'notwithstanding ... [28 U.S.C.] section[ ] 1361,' 'no court shall have jurisdiction to hear' a claim 'arising from' a decision to execute a removal order. So the District Court lacked jurisdiction for that reason, too." (citation omitted)).

But, in the alternative, the Court understands Nguyen to be arguing that the Court can have concurrent jurisdiction over his new Section 2241 action and that there's at least a question as to whether the Western District of Oklahoma, while it still has jurisdiction over the pending habeas action, could now enjoin Nguyen's

current immediate custodian, Prairieland's warden. *See, e.g.*, *Rodriguez v. Young*, No. CIV-20-669-J, 2021 WL 800588, at *3 (W.D. Okla. Jan. 22, 2021) ("Because the Petitioner is now incarcerated in Maryland, this Oklahoma district court lacks jurisdiction over his Maryland-based custodian and, thus, is powerless to effectuate any relief. On this basis, the petition would ordinarily be considered moot and dismissed without prejudice." (citations omitted)), *rec. adopted*, 2021 WL 795194 (W.D. Okla. Mar. 2, 2021).

Even assuming without deciding that both those propositions are true, the Court denies Nguyen's request for injunctive relief because his underlying claim is to receive a bond hearing or be relieved of allegedly excessively long pre-removal detention, and the interests of justice in this case – where his removal is imminent – do not demand staying his removal from the United States so that he may either be temporarily released or receive a bond hearing before being removed.

Put another way, not being removed is not a status quo that must be preserved so that the Court may resolve and possibly grant Nguyen the relief that he is seeking: pre-removal release or, at least, a bond hearing to seek pre-removal release.

To enter an injunction enjoining removal pending resolution of Nguyen's Section 2241 petition (whether as filed here or in the Western District of Oklahoma) would instead artificially prolong the period prior to removal to create a possibility for pre-removal release as if that was an end in itself that a petitioner could validly pursue.

And, for the same reasons, the Court rejects Nguyen's assertions that his

- 6 -

possible removal on May 5, 2026 warrants resolving his challenges to his pre-removal detention on an emergency basis. Rather, the Court will separately enter an order requiring service on and response by the government on an expedited schedule but not on an emergency basis.

For all these reasons, the Court DENIES Petitioner's Emergency Motion To Stay Removal Pending Resolution Of Habeas Corpus Proceedings [Dkt. No. 2].

SO ORDERED.

DATED: May 1, 2026

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

- 7 -